IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Tonya Claborn,                     :

    Plaintiff,                     :

    v.                             :        Case No. 2:11-cv-679
                                            JUDGE GEORGE C. SMITH
The State of Ohio, *et al.*,       :        Magistrate Judge Kemp

    Defendants.                    :

## OPINION AND ORDER

Final judgment was entered in this case on September 14, 2012. Plaintiff, who paid the filing fee when the case was originally filed, has filed a notice of appeal and a motion for leave to appeal *in forma pauperis*. For the following reasons, the Court will deny the motion.

Fed.R.App.P. 4(a)(1)(A) states that "[i]n a civil case, except as provided in Rules 4(a)(1)(B), 4(a)(4), and 4(c), the notice of appeal required by Rule 3 must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Plaintiff filed her notice of appeal on October 22, 2012, which is more than thirty days after judgment was entered. Her appeal is therefore untimely.

There is case law to support the proposition that if a notice of appeal is not filed timely, the district court lacks jurisdiction to issue an order granting a motion for leave to proceed *in forma pauperis* because the Court of Appeals would lack jurisdiction to hear the appeal. *See, e.g., Goolsby v. Astrue,* 2010 WL 339786 (M.D. Ga. Jan. 21, 2010); *Mattoon v. Davis*, 2009 WL 367687 (E.D. Mich. Feb. 11, 2009). Other courts appear to take the position that if the appeal has not been taken in a timely fashion, any motion for leave to proceed on appeal *in*

*forma pauperis* is moot. *See Woodmore v. Farmington Hills Police Dept.*, 2011 WL 5105793 (E.D. Mich. Oct. 27, 2011). Still other decisions appear to deny motions for leave to proceed *in forma pauperis* which accompany untimely notices of appeal either without much discussion, *see, e.g., In re Siemon*, 421 F.3d 167 (2d Cir. 2005), or because any appeal initiated by an untimely notice of appeal would be frivolous or "not taken in good faith," which is a basis for denying such a motion under 28 U.S.C. §1915(a)(3). *See Darden v. Missouri Dept. of Corrections*, 2009 WL 1867688, *1 (E.D. Mo. June 26, 2009)(when notice of appeal was filed too late, "[p]laintiff's motion to proceed in forma pauperis on appeal will be denied as having not been taken in good faith"); *cf. DeSantis v. United Technologies Corp.*, 15 F.Supp. 2d 1285, 1289 (M.D. Fla. 1998)(an application for leave to proceed on appeal *in forma pauperis* "may be denied if it appears — objectively — that the appeal cannot succeed as a matter of law"), *aff'd* --- Fed. Appx. ----, 193 F.3d 522 (11th Cir. Aug. 20, 1999). Obviously, an appeal which is untimely and over which the Court of Appeals has no jurisdiction cannot succeed as a matter of law.

In her notice of appeal, plaintiff sets forth lengthy and detailed arguments concerning the issues she intends to raise on appeal. In light of the untimely filing of her notice of appeal and the case authority cited above, the Court does not reach the question of whether she has presented colorable arguments in favor of reversal on these issues. Its decision to deny her motion is based, rather, on the fact that she cannot succeed on appeal because the Court of Appeals lacks jurisdiction to decide the appeal on its merits.

For these reasons, plaintiff's motion for leave to proceed on appeal *in forma pauperis* (Doc. 32) is **DENIED.**

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**George C. Smith
United States District Judge**